IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE LEE PARKS | § | PETITIONER |
| | § | |
| v. | § | No. 1:18-cv-00355-HSO-RHWR |
| | § | |
| FRANK SHAW | § | RESPONDENT |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [40] AND DISMISSING CASE WITH PREJUDICE**

This matter comes before the Court on the Report and Recommendation [40] of United States Magistrate Judge John C. Gargiulo, entered on March 30, 2021. The Magistrate Judge recommended that Petitioner George Lee Parks's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice. R&R [40] at 1. Petitioner has not objected to the Report and Recommendation [40], and the time for doing so has long passed.

After due consideration of the Report and Recommendation [40], the record in this case, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [40] should be adopted as the finding of this Court and that Petitioner George Lee Parks's Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice.

I.  BACKGROUND

A.   Factual background

Petitioner George Lee Parks ("Petitioner") was indicted in 2015 in the Circuit Court of Harrison County, Mississippi, Second Judicial District for sexual battery (Counts I and II), aggravated assault (Count III), kidnapping (Count IV), and possession of a controlled substance (Count V). State Ct. R. [13-1] at 22-24. A jury convicted Petitioner on all counts, and he was sentenced to thirty years imprisonment on Counts I and II, twenty years on Count III, thirty years on Count IV, and three years on Count V. State Ct. R. [13-4] at 47-48. The Circuit Court ordered the sentences in Counts I and II to run consecutively with one another and the sentences in Counts III, IV, and V to run concurrently with one another and the sentences in Counts I and II, for a total of sixty years to serve in the custody of the Mississippi Department of Corrections. *Id.*

Petitioner appealed his convictions and sentences to the Mississippi Supreme Court, which assigned his case to the Mississippi Court of Appeals. *Id.* at 86, 108. The Mississippi Court of Appeals affirmed Petitioner's convictions and sentences in a published opinion. *See Parks v. State*, 228 So. 2d 853 (Miss. Ct. App. 2017), *reh'g denied* (Apr. 4, 2017), *cert. denied*, 220 So. 3d 977 (Miss. 2017). Thereafter, Petitioner filed an Application for Leave to Proceed in the Trial Court which was denied by the Mississippi Supreme Court on October 4, 2018. *See Parks v. State*, No. 2018-M-00739 (Miss. Oct. 05, 2018).

B.   Procedural history

On November 7, 2018, Petitioner filed a Petition [1] in this Court under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody. Pet. [1] at 1-22. The Petition [1] asserts the following Grounds for relief: (1) allowing the prosecution to use improper bad act evidence; (2) denying Petitioner's motion to suppress evidence; (3) erring in giving jury Instruction S-6; (4) failing to grant Petitioner's motion to dismiss the indictment; (5) speedy trial violation; (6) denying Petitioner his Sixth Amendment right to a public trial; (7) prosecutorial misconduct; (8) denying Petitioner's motion for appointment of new counsel; (9) illegal sentencing; and (10) failing to share the results of Petitioner's sexual assault exam. *Id*. 5-22.

On February 28, 2019, Respondent Frank Shaw ("Respondent") filed his Answer [12] to the Petition asserting that Grounds (1), (3), (4), (5), (6), (8), and (10) should be dismissed on the merits and that Grounds (2), (7), and (9) should be dismissed on procedural grounds. Answer [12] at 9-49. Petitioner filed a Traverse [15] in which he abandoned or withdrew Grounds (2), (4), and (10). Traverse [15] at 7, 10, 97-98, 103, 120, 123. Respondent did not file a Reply, Mot. [35] at 3, but Petitioner filed a Motion [16] to Amend his Traverse [15] by adding additional briefing on Ground (7), which the Court granted. Order [26].

On June 10, 2021, Petitioner filed a Motion [32] for Stay of Petition and a Motion [33] to Amend his Petition to include additional grounds for relief. Petitioner's Motion [33] to Amend attempted to raise 9 additional grounds for relief.

3

Mot. [33] at 1-7. The Court denied Petitioner's Motion [33] to Amend, citing the Petitioner's undue delay in bringing his Motion [33] and the futility of the amendment. *See* Order [39] at 3-7. The Court also denied Petitioner's Motion [32] for Stay as moot. *Id.* at 7.

On March 30, 2021, the Magistrate Judge entered a Report and Recommendation [40] recommending that the Petition [1] be dismissed with prejudice. A copy of the Report and Recommendation [40] was mailed to Petitioner at his address of record on March 30, 2021. Petitioner has not filed any objection to the Report and Recommendation [40], and the time for doing so has long passed. *See* L.U. Civ. R. 72(a)(3); 28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

Because neither party has objected to the Magistrate Judge's Report and Recommendation [40], the Court is not required to conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court finds that the Report and Recommendation [40] is neither clearly erroneous nor contrary to law and that it should be adopted as the finding of the Court. It is clear from the record that

Petitioner's claims should be dismissed with prejudice for the reasons stated by the Magistrate Judge.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [40], entered in this case on March 30, 2021, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner's Petition [1] for Writ of Habeas Corpus is **DENIED** and that this civil action is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 8th day of October, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE